NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS OF CALIFORNIA INC., a California nonprofit, religious corporation; et al., | No. 01-56579<br><br>D.C. No. CV-97-03616-CBM |
| Plaintiffs - Appellees, | ORDER* |
| v. | |
| CITY OF LOS ANGELES, a California Municipal Corporation; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted December 4, 2007
Pasadena, California

Before: PREGERSON, TROTT and PAEZ, Circuit Judges.

This case is hereby resubmitted as of July 1, 2010.

_____

      *      This order is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On May 13, 1997, the International Society for Krishna Consciousness of California, Inc., and others ("ISKCON") filed an action against the City of Los Angeles and others ("City") alleging that section 23.27(c) of the City of Los Angeles Administrative Code, which prohibits any person from soliciting and immediately receiving funds at Los Angeles International Airport ("LAX"), violates California's Liberty of Speech Clause and the First Amendment of the United States Constitution.

On August 2, 2001, after protracted litigation, the district court held that section 23.27(c) violated the California Constitution because LAX was a public forum under California law and because section 23.27(c) was not a reasonable time, place, and manner restriction on speech at LAX. Accordingly, the district court permanently enjoined the City from enforcing section 23.27(c). The district court did not reach the federal constitutional claim. The City timely appealed.

On June 9, 2008, after more protracted litigation, we issued an order requesting the California Supreme Court to determine whether LAX is a public forum under the California Constitution. The California Supreme Court granted the request, and on March 25, 2010, the Court issued an opinion, which held that, regardless of whether LAX is a public forum, section 23.27(c) is a reasonable time, place, and manner restriction.

When we apply California law, we are required to follow the holdings of the California Supreme Court.  See Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1164 (9th Cir. 1995).  Accordingly, we grant the City's request to dissolve the injunction that bars enforcement of section 23.27(c).  We reverse the district court's summary judgment order in favor of ISKCON and remand to the district court to consider in the first instance  ISKCON's remaining federal constitutional claim.


**REVERSED AND REMANDED**.